# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **TEAMSTERS LOCAL 727, individually and others similarly situated,** | **Case No.** |
| **Plaintiffs,** | **CLASS ACTION COMPLAINT** |
| **v.** | |
| | **JURY TRIAL DEMANDED** |
| **PEPSICO BEVERAGE NORTH AMERICA,** | |
| **Defendant.** | |

## CLASS ACTION COMPLAINT

Plaintiff, Teamsters Local 727 ("Plaintiff"), on behalf of its members, that were employed by Defendant PepsiCo Beverages North America ("Defendant") at its former 51st Street facility aver that the Defendant violated the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

## NATURE OF ACTION

1.      This case is about the Defendant's failure to provide 60 days' advance notice of its intention to terminate the employees represented by Plaintiff.

Plaintiff brings this action on behalf of all of the bargaining unit members it represents who were employees of Defendant and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Defendant beginning on or about October 28, 2024, without 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

2.     This Class Action Complaint asserts a claim for back pay, including overtime and variable rate overtime, premium pay, holiday pay and other benefits, and all other relief available under the WARN Act, 29 U.S.C. § 2104.

## JURISDICTION AND VENUE

3.     Jurisdiction over Plaintiff's claims are proper under 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1331.

4.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant resides in and/or conduct business in this Judicial District and/or a substantial part of the events of omissions giving rise to Plaintiff's WARN Act claims occurred within this district.

## PARTIES

5.     Teamsters Local 727 is a labor organization representing nearly 10,000 members across a multitude of industries, from drivers to trade show workers, pharmacists to zookeepers, and funereal directors to parking industry workers. Teamsters Local 727 is an unincorporated association which exists for the purpose of representing its members in collective bargaining with employers in industries affecting commerce and is a "representative" within the meaning of 29 U.S.C. § 2104(a)(4).

6.     Teamster Local 727 brings this action on behalf of all of its bargaining unit members who were terminated by Defendant at its facility located at 650 W 51st Street, Chicago, IL 60609.

7.     Teamsters Local 727 has associational standing to represent its individual members' interest, pursuant *to United Food and Commercial Workers Local 571 v. Brown Group Inc.*, 517 U.S. 544 (1996).

8.     Defendant PepsiCo Beverages North America operates throughout the United States, including in this Judicial District.

9.     Defendant PepsiCo Beverages North America was at all relevant times an "employer" as defined by 29 U.S.C. § 2101(a)(1).

10.     At all relevant times prior to October 28, 2024, Defendant PepsiCo Beverages North America employed more than 100 employees excluding part-time employees, or alternatively, employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

11.     Employees of Defendant PepsiCo Beverages North America and members of the bargaining unit represented by Plaintiff Teamsters Local 727 were employed by the Defendant at all relevant times and were "affected employees" within the meaning of 29 U. S. C. § 2101(a)(5), and suffered an "employment loss" within the meaning of 29 U.S.C. § 2101(a)(6).

## FACTS

12.     Prior to October 28, 2024, Defendant operated a warehouse and production facility located at 650 W 51st Street, Chicago, IL 60609.

13.     On October 28, 2024, Defendant notified its employees represented by the Plaintiff that it was ceasing its operations at the facility located at 650 W 51st Street, Chicago, IL 60609.

14.     Defendant instructed its employees that they were not expected or required to report to work the following day.

15.     As a result of this permanent shutdown, all 79 bargaining unit employees of Defendant represented by Teamsters Local 727 were terminated effective October 28, 2024, which constituted a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2), or alternatively, a "mass layoff" within the meaning of 29 U.S.C. § 2101(a)(3).

16.     Defendant has notified the Plaintiff that it intends to pay its members for only 40 hours of straight time per week for sixty days, when its members regularly work overtime or earn

variable rate overtime, shift differentials, and other premium pay each week in which they worked prior to their termination of employment as required by the WARN Act.

## COUNT I
## Violation of the WARN ACT

17.     All previous paragraphs are incorporated as though fully set forth herein.

18.     On October 28, 2024, Defendant ordered plant closings within the meaning of 29 U.S.C. § 2101(a)(2), and/or mass layoffs within the meaning of 29 U.S.C. § 2101(a)(3), by notifying its employees that they were not expected to or required to return to work.

19.     The plant closings or mass layoffs resulted in "employment losses" within the meaning of 29 U.S.C. § 2101(a)(6) for approximately 100 percent of Defendant's workforce at this facility, including all 79 bargaining unit employees represented by Teamsters Local 727.

20.     Defendant's former employees represented by Teamsters Local 727 were terminated by Defendant without cause, as part of or as the reasonably foreseeable consequence of the plant closings or mass layoffs ordered by Defendant.

21.     The Defendant failed to provide lawful notice of the facilities closing prior to informing its employees not to report to work.

22.     Each of Defendant's former employees represented by Teamsters Local 727 are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

23.     To date, Defendant has failed to pay all wages, including overtime, benefits, and provide all other relief available under the WARN Act 29 U.S.C. § 2104.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of themselves and all others similarly situated:

A. Declaring that Defendant has violated 29 U.S.C. §§ 2102(a)(1) and (2);

B. Awarding against Defendant the backpay and benefits, and prejudgment interest accrued thereon, found to be due to Plaintiff's members under 29 U.S.C. § 2104(a);

C.  Awarding in favor of Plaintiffs and against Defendant reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2104(a)(6); and

D. Directing such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demands a trial by jury for all issues of fact.

Dated: November 1, 2024                    Respectfully submitted,

/s/ Joseph D. Richardson

Joseph D. Richardson
WILLIG, WILLIAMS & DAVIDSON
PA Bar Number 311147
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3655
jrichardson@wwdlaw.com


*Attorneys for Teamsters Local No. 727*